[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13964

_____

D.C. Docket No. 9:14-cv-80317-DMM

MARTIN E. O'BOYLE,

Plaintiff - Appellant,

versus

THE TOWN OF GULF STREAM,
WILLIAM THRASHER,
GARRET WARD,
individually,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 29, 2016)

Before WILSON and JULIE CARNES, Circuit Judges, and MOORE,[*] District Judge.

PER CURIAM:

Plaintiff-Appellant Martin O'Boyle appeals the district court's entry of summary judgment for Defendant-Appellee The Town of Gulf Stream (the Town). O'Boyle brought, in relevant part, First Amendment and state constitutional claims against the Town based on the Town's enforcement of its Sign Code. The district court issued its order on March 31, 2015.

On June 18, 2015, the Supreme Court issued *Reed v. Town of Gilbert*, in which it held that a law that contains a content-based regulation of speech must survive strict scrutiny to be held constitutional. 576 U.S. ___, 135 S. Ct. 2218, 2226–27 (2015). Facially content-based regulations are those regulations that pertain to a particular subject matter or define speech in relation to its function or purpose. *See id.* at 2227. Facially content-neutral regulations that "cannot be justified without reference to the content of the regulated speech, or that were adopted by the government because of disagreement with the message the speech conveys," are also considered content-based regulations. *See id.* (alteration adopted and internal quotation marks omitted). Both types of content-based regulations trigger strict scrutiny review. *Id.*

---

[*] Honorable William T. Moore, United States District Judge, for the Southern District of Georgia, sitting by designation.

2

Applying this rule to the municipal sign code before it, the Court explained that the code was "content based on its face" because it dictated which speech was permissible based on the type of message a sign conveyed.  *See id.* at 2227. Additionally, the Court held that the sign code could not survive strict scrutiny because the code's distinctions between types of signs were "hopelessly underinclusive" for purposes of advancing the only governmental interests asserted—"preserving the Town's aesthetic appeal and traffic safety."  *See id.* at 2231–32.

We remand for the district court to decide in the first instance the constitutionality of the Town's Sign Code under *Reed*.  The district court must determine the kind of regulation on speech imposed by the Sign Code and the constitutionality of that regulation.  If the Sign Code is found to be unconstitutional, then the district court should assess damages and injunctive relief, as appropriate.

**VACATED AND REMANDED.**

3